1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10  ROCKWELL AUTOMATION, INC.,    )
11                  Plaintiff(s),    )
12  vs.                          )
13  BECKHOFF AUTOMATION LLC, et al.,  )
14                  )
15             Defendant(s).    )

Case No. 2:13-cv-01616-RCJ-NJK

ORDER SETTING HEARING

(Docket No. 67)

16         Pending before the Court is Defendants' motion to stay discovery.  Docket No. 67.  The Court
17  hereby SETS a hearing on the motion for January 30, 2014, at 3:00 p.m. in Courtroom 4B.  To the
18  extent the parties wish to present argument from out-of-town counsel, they may appear telephonically
19  at the hearing.  Counsel shall call the Court conference line at 702-868-4906 at least five minutes prior
20  to the hearing.  The conference code is 123456.  In order to ensure a clear recording of the hearing, the
21  call must be made using a land line phone.  Cell phone calls, as well as the use of a speaker phone, are
22  prohibited.

23         Counsel should be prepared to discuss, *inter alia*, whether any finding that the Court lacks
24  personal jurisdiction over Beckhoff Automation GmbH will lead to a transfer of the case to the District
25  of Minnesota rather than dismissal of Beckhoff Automation GmbH from this case.  *Cf. Kor Media*
26  *Group, LLC v. Green*, ___ F.R.D. ____, 2013 WL 5838679, *2 (D. Nev. Oct. 29, 2013) (finding a
27  Section 1404(a) motion not considered "dispositive" for purposes of a motion to stay discovery).  In
28  particular, pursuant to 28 U.S.C. § 1631, even if the Court concludes that it lacks personal jurisdiction

over a defendant, it then determines whether the case should be transferred to another court that has jurisdiction rather than order dismissal. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761-62 (9th Cir. 1990) (holding that district court lacked personal jurisdiction and remanding for determination of whether transfer is proper pursuant to 28 U.S.C. § 1631); *Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1119 (D. Nev. 2013) (transferring case pursuant to Section 1631 upon finding no personal jurisdiction in this forum).[1]

IT IS SO ORDERED.

DATED: January 28, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

_____

[1] It appears that Ninth Circuit law governs this inquiry. *See, e.g.*, *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003) (applying regional circuit law in reviewing Section 1404(a) transfer).