UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | |
| Plaintiff(s), | Case No. 2:13-cv-01616-RCJ-NJK |
| vs. | ORDER |
| BECKHOFF AUTOMATION LLC, et al., | |
| Defendant(s). | (Docket Nos. 73, 76) |

Pending before the Court is an order to show cause. Docket No. 73. The Court received a response from Defendants and their counsel, *see* Docket No. 74, as well as a responsive filing from Plaintiff indicating that it incurred attorneys' fees and costs, *see* Docket No. 75. The Court then issued an amended order to show cause. Docket No. 76. The Court has now received a response from Defendants and their counsel, Docket No. 77, as well as a further responsive filing from Plaintiff, Docket No. 78. Having reviewed the materials submitted and the record, the Court hereby ORDERS as follows.

Attorneys are required to follow Court orders.[1] Rule 16(f)(1)[2] requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in

---

[1] The responses to the orders to show cause make clear that Defendants themselves are not to blame for any shortcomings, so the order to show cause is hereby DISCHARGED as to Defendants.

[2] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. Rule 16(f)(2) further mandates an award of reasonable expenses incurred as a result of the non-compliance, absent a substantial justification or circumstances making that award unjust. Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See, e.g.*, *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485 (D. Ariz. 2003) (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001)), *modified on other grounds*, 2003 WL 23353478 (D. Ariz. Oct. 3, 2003). Rule 16(f) "was designed not only to insure expeditious and sound management of the preparation of cases for trial but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)). Indeed, the rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc).

Defendants' counsel acknowledge that they failed to comply with a Court order setting the deadline for filing the reply brief on the motion to stay. *See* Docket No. 74 at 1. They assert that this shortcoming was the result of an oversight in that they mistakenly relied on the default briefing schedule outlined in the local rules and the automatically-generated CM/ECF deadline, rather than the Court's order. *Id.* at 1-2; *see also Carrillo v. B&J Andrews Enters., LLC*, 2013 U.S. Dist. Lexis 22010, *2 (D. Nev. Feb. 19, 2013) (explaining that a court-ordered deadline is not impacted by a contradictory CM/ECF notice); Local Rule 7-2(c) (setting schedule for filing replies "[u]nless otherwise ordered by the Court"). The Court takes Defendants' counsel at their word that this was not an intentional oversight but, as noted above, that does not in itself relieve them of sanctions. The orders to show cause outlined the possibility of sanctions in the form of Plaintiff's attorneys' fees, striking the reply brief, and a Court fine. *See* Docket Nos. 73, 76. For the reasons discussed below, the Court concludes that a Court fine is the appropriate sanction under the circumstances.

The late filing of the reply upset the schedule adopted by the Court and, as a result, led the Court to vacate the hearing originally scheduled for the motion to stay. Plaintiff argues that it is

entitled to recover attorneys' pursuant to Rule 16(f)(2) for the expenses it incurred as a result. The Court is sympathetic to Plaintiff's position, but ultimately finds that none of the expenses it seeks should be paid by Defendants' counsel as a sanction. Rule 16(f)(2) provides for the sanction of "reasonable expenses–including attorney's fees–incurred because of [the opposing party's] non-compliance." Plaintiff seeks sanctions for the expenses stemming from their counsel traveling from New York to the vacated hearing, preparing for the vacated hearing, and responding to Defendants' responses to the orders to show cause. *See, e.g.*, Docket No. 78 at 6. The expenses associated with Plaintiff's New York counsel traveling to this District for the hearing are not recoverable because Plaintiff has capable local counsel and the New York counsel could have attended the hearing telephonically. *See, e.g.*, *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 5324787, *6 (D. Nev. Sept. 20, 2013) (denying attorney's fees for travel time in similar circumstances); *see also id.* at *9 (denying request for travel costs). The attorneys' fees incurred in preparing for the hearing are also not recoverable, as the Court has now set a new hearing on the motion to stay and those fees would have been incurred anyway as counsel prepares for the continued hearing. Lastly, the attorneys' fees incurred in preparing filings in connection with the order to show cause are not recoverable, as the Court's orders did not request filings by Plaintiff. *See, e.g.*, *Alutiiq Int'l Solutions, LLC v. Lyon*, 2012 WL 4182026, *4 (D. Nev. Sept. 17, 2012) (denying fees for reply brief that was not requested in court's order). The Court has no doubt that Plaintiff and its attorneys deem the time spent on the above tasks to be properly expended, but the Court nonetheless finds the expenses identified are not properly awarded as "reasonable" expenses for purposes of sanctions. *See Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012 WL 2244262, *10 (D. Nev. June 15, 2012).

In determining whether to consider the late-filed reply or to strike it, the Court evaluates the factors for excusable neglect. *See Carrillo, LLC*, 2013 U.S. Dist. Lexis 22010, *2.[3] The reason for the delay here is essentially a calendaring error, which the Ninth Circuit has determined can constitute

---

[3] In evaluating excusable neglect, the Court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See, e.g.*, *Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

excusable neglect even though it is a "weak justification." *See id.* (citing *Ahanchian*, 624 F.3d at 1262). Problematically here, however, the failure to comply with the Court's order has created a delay in the proceedings. The Court set an expedited briefing schedule so that an order could be issued resolving the motion prior to the holidays. The untimely filing of the reply brief interfered with the Court's ability to do so. Accordingly, whether excusable neglect exists in this instance is a close call in light of that delay, but the Court ultimately concludes that the reply brief should not be stricken.

Lastly, the Court turns to whether a Court fine should be imposed. Defendants' counsel's failure to abide by the Court's order has disrupted the Court's management of its docket and resulted in further expense in the administration of this case. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604 (citing *Sanders v. Union Pacific Railroad Co.*, 154 F.3d 1037, 1041 (9th Cir. 1998)). Moreover, sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *Id.* (quoting *Media Duplication Servs. v. HDG Software*, 928 F.2d 1228, 1242 (1st Cir. 1991)). Therefore, the Court will sanction attorneys Chad Fears, Paul Shakespear, Peter Lancaster, and Kenneth Levitt in a Court fine of $350, imposed jointly and severally. This amount falls on the lower end of the spectrum of appropriate sanctions here, but the Court believes the sanction is sufficient to deter similar misconduct in the future. The sanction is personal to Chad Fears, Paul Shakespear, Peter Lancaster, and Kenneth Levitt. Payment of $350 shall be made ***within ten days*** as a Court fine to the "Clerk, U.S. District Court." Defendants' counsel shall submit proof of payment to the undersigned Judge's chambers within five days of payment.

The Court further reminds Defendants and Defendants' counsel that it expects strict compliance with Court orders, the Federal Rules of Civil Procedure, and the Local Rules. Failure to do so in the future may result in more significant sanctions, up to and including case dispositive sanctions.

IT IS SO ORDERED.

DATED: January 28, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge