1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   ROCKWELL AUTOMATION, INC.,                    )
                                                   )      Case No. 2:13-cv-01616-RCJ-NJK
11                      Plaintiff(s),              )
                                                   )      ORDER DENYING MOTION TO STAY
12   vs.                                           )      DISCOVERY
                                                   )      (Docket No. 67)
13   BECKHOFF AUTOMATION LLC, et al.,              )
                                                   )      ORDER DENYING WITHOUT
14                                                 )      PREJUDICE MOTION FOR
                        Defendant(s).              )      PROTECTIVE ORDER
15   _____ )            (Docket No. 68)

16          Pending before the Court is Defendants' motion to stay discovery.  Docket No. 67.  Plaintiff filed

17   a response in opposition and Defendants filed a reply.  Docket Nos. 69, 72.  The Court held a hearing on

18   January 30, 2014.  Having considered the arguments presented, the motion to stay is hereby **DENIED**.  The

19   Court further **DENIES** the motion for protective order (Docket No. 68) without prejudice.  Within 7 days

20   hereof, the parties shall submit a proposed discovery plan and a stipulated protective order.

21   **I.     BACKGROUND**

22          This is a patent case in which Plaintiff alleges that Defendants Beckhoff Automation LLC and

23   Beckhoff Automation GmbH (collectively, "Defendants")[1] have infringed its patents covering inventions

24   related to automated manufacturing and packaging.  *See* Docket No. 1.  In particular, Plaintiff alleges that

25   Defendants have infringed its patents by, *inter alia*, offering for sale and/or importing into the United States

26

27

28          [1] Hans Beckhoff owns 85% of Beckhoff Automation GmbH and 100% of Beckhoff Automation
     LLC.  Docket No. 51-1 at ¶¶ 4, 6.  The corporations have entered into a distribution contract.  *See id.* at ¶ 7.

1    the "XTS system." *See, e.g.*, Docket No. 1 at ¶ 25. Beckhoff Automation GmbH filed a motion to dismiss

2    for lack of personal jurisdiction. *See* Docket No. 51.  Both Defendants also filed a motion to transfer

3    pursuant to 28 U.S.C. § 1404(a). *See id.*  Those motions have been fully briefed. *See* Docket Nos. 55, 58.

4         The parties then filed a proposed discovery plan in which Defendants asserted that discovery should

5    be stayed pending resolution of the motions to dismiss or to transfer. *See* Docket No. 60.  The Court denied

6    the proposed discovery plan so the parties could brief whether discovery should be stayed in light of the

7    standards applied in this District. *See* Docket No. 63.  Defendants then filed a motion seeking a stay of

8    discovery, which is the motion currently before the Court.

9    **II.    STANDARDS**

10        The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863

11   F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide for automatic or

12   blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*,

13   278 F.R.D. 597, 601 (D. Nev. 2011).  In deciding whether to grant a stay of discovery, the Court is guided

14   by the objectives of Rule 1 to ensure the "just, speedy, and inexpensive determination of every action." *Kor*

15   *Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citing *Tradebay*, 278 F.R.D. at 602-03).[2]

16   In short, the Court must balance "the expense of conducting unnecessary discovery in the event a case is

17   eventually dismissed on the pleadings against the delay caused by staying discovery in the event the case

18   is not dismissed." *Id.* at 582 (citing *Tradebay*, 278 F.R.D. at 603).

19        A.    Beckhoff Automation LLC

20        Defendant Beckhoff Automation LLC acknowledges that it "has not presented a dispositive

21   motion." Mot. at 5.  Instead, Beckhoff Automation LLC has filed only a motion to transfer pursuant to 28

22   U.S.C. § 1404(a).  This Court has ruled previously that the pendency of a motion for a § 1404(a) transfer

23   was insufficient grounds for staying discovery. *See Kor Media*, 294 F.R.D. at 582.  Beckhoff Automation

24   LLC nonetheless argues that a stay is proper because it will need to amend certain discovery documents,

25   like a protective order governing confidentiality, in the event the case is transferred. *See* Mot. at 5.  This

26   is not sufficient reason to stay discovery. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175

27

28        [2] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

2

1    F.R.D. 554, 556 (D. Nev. 1997) (a showing that discovery may involve "some inconvenience or expense"

2    is not sufficient to stay discovery).  Having reviewed Beckhoff Automation LLC's various arguments to

3    stay discovery, the Court finds that it has failed to carry its burden that a stay is appropriate in the

4    circumstances.[3]

5         Accordingly, the motion to stay is **DENIED** as it relates to Beckhoff Automation LLC.

6         B.    Beckhoff Automation GmbH

7         Beckhoff Automation GmbH seeks a stay of discovery based primarily on its pending motion to

8    dismiss for lack of personal jurisdiction.  *See* Mot. at 4.  Most authority addresses the issue of staying

9    discovery pending resolution of a motion to dismiss for failure to state a claim.  *See, e.g.*, *Kor Media*, 294

10   F.R.D. at 583.  While those cases provide some guidance here, courts are more inclined to stay discovery

11   pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a "critical

12   preliminary question."  *See, e.g.*, *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570, *2

13   (D. Nev. Apr. 15, 2013) (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152,

14   *2 (D. Nev. Oct. 10, 2012)).  Notwithstanding the more relaxed level of review, "the filing of a motion

15   challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to

16   require discovery to go forward."  *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis.

17   156928, *5 (D. Nev. Oct. 31, 2013) (citing *AMC Fabrication*, 2012 WL 4846152, *2 and *Holiday Sys., Int'l

18   *of Nev. v. Vivarelli, Schwarz, & Assocs.*, 2012 WL 3860824 (D. Nev. Sept. 5, 2012)).  A defendant

19   challenging personal jurisdiction has the burden of establishing that discovery should be stayed.  *See, e.g.*,

20   *Kabo Tools*, 2013 U.S. Dist. Lexis. 156928, *4-5 (citing *Holiday Sys.*, 2012 WL 3860824, at *2-3).

21        As part of its analysis in determining whether to stay discovery in these circumstances, the Court

22   takes a "preliminary peek" at the motion to dismiss to determine if there is a sufficient likelihood that

23

24

25

---

26        [3] Nor does Beckhoff Automation GmbH's filing of the motion to dismiss for lack of personal

27   jurisdiction provide a basis to stay discovery for Beckhoff Automation LLC.  *See, e.g., White v. American*
     *Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989) (denying motion to stay discovery against one defendant

28   where motion to dismiss filed by another defendant and no joinder was filed).

1    dismissal will result such that delaying discovery is appropriate. *See Kor Media*, 294 F.R.D. at 582-83.[4]

2    The Court has taken a "preliminary peek" at the pending motion to dismiss. Plaintiff argues that the Court

3    may exercise specific personal jurisdiction over Beckhoff Automation GmbH based on its contacts with

4    Nevada because, *inter alia*, Beckhoff Automation GmbH designed, developed, manufactured and imported

5    the accused XTS System that it planned to display at the 2013 PACK Expo trade show in Las Vegas,

6    Nevada. *See* Docket No. 55 at 8; *see also* Docket No. 1 at ¶¶ 7. Plaintiff cites several cases in which courts

7    held that a sufficient basis for exercising personal jurisdiction existed based on the defendants' contacts

8    related to a trade show. *See* Docket No. 55 at 9 (citing *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de*

9    *Equip. Medico*, 563 F.3d 1285, 1297-98 (Fed. Cir. 2009); *Elan Microlectronics Corp. v. Pixir*

10   *Microelectronics Co.*, 2012 WL 523695, *6 (D. Nev. Feb. 16, 2012); and *Robert Bosch LLC v. ADM 21*

11   *Co., Ltd.*, 2011 WL 2619335, *4 (D. Nev. July 1, 2011)). Beckhoff Automation GmbH responds by

12   asserting that any such contacts are "irrelevant" because the 2013 PACK Expo had not yet occurred at the

13   time suit was filed and eventually did not include the XTS system. *See* Docket No. 58 at 8; Docket No. 51

14   at 13-14 (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569-70 (2d Cir. 1996)).

15   Problematically for Beckhoff Automation GmbH, however, by the time the suit was filed it appears to have

16   already begun executing the plans to present the XTS system at the 2013 PACK Expo, including

17   "vigorously promot[ing]" the XTS system for the event. *See, e.g.,* Docket No. 55 at 13 (citing, *inter alia*,

18   Docket No. 23 at ¶ 17).[5]

19

20

21       [4] Conducting this preliminary peek puts a magistrate judge in an awkward position because the district judge may evaluate the underlying motion differently. *See Tradebay*, 278 F.R.D. at 603. The

22   preliminary peek is not intended to prejudice the outcome of the motion to dismiss. *Id.*

23       [5] Beckhoff Automation GmbH complains that Plaintiff exaggerates its contacts with this forum by unfairly conflating it and Beckhoff Automation LLC. *See, e.g.*, Docket No. 58 at 1 (asserting that Plaintiff's

24   brief is deficient since it "defin[es] 'Beckhoff' throughout its brief to include both entities"). But Defendants

25   themselves have done the same in their own filings. For example, Defendants submitted a declaration stating that: "For *Beckhoff*, on the other hand, PACK Expo is *our* largest and most expensive exhibition, and

26   the XTS system is a major part of *our* 2013 exhibit. *We* have vigorously promoted *our* XTS demonstration

27   line to the industry in the weeks leading up to the show." Docket No. 23 at ¶ 17 (emphasis added). Nor is that an isolated occurrence. *See, e.g.*, *id.* at ¶¶ 11-14 (referring to the efforts of "Beckhoff" or "the company"

28   to publicize and promote the XTS system in the United States).

1    Of even more importance, Beckhoff Automation GmbH fails to directly address Plaintiff's

2    alternative argument that the exercise of personal jurisdiction is proper under Rule 4(k)(2). *See* Docket No.

3    55 at 16-17.  Under Rule 4(k)(2), a district court may exercise personal jurisdiction over a defendant where

4    (1) the plaintiff's claims arise under federal law; (2) the defendant is not subject to jurisdiction in any court

5    of general jurisdiction; and (3) the exercise of jurisdiction comports with due process based on the

6    defendant's contacts with the nation as a whole.  *See, e.g.*, *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d

7    1403, 1412, 1416 (Fed. Cir. 2009).  In the event the district judge finds that there are insufficient contacts

8    with Nevada, then the first two elements are clearly established here as the case arises under patent law and

9    Beckhoff Automation GmbH has not identified another jurisdiction in which it can be sued.  *See id.* at 1415

10   (holding that jurisdiction may be exercised under Rule 4(k)(2) when the "defendant contends that he cannot

11   be sued in the forum state and refuses to identify any other where suit is possible").  Moreover, Beckhoff

12   Automation GmbH's national contacts appear to be more than sufficient for the exercise of personal

13   jurisdiction to comport with due process, as the record reveals numerous examples of its contacts

14   purposefully directed at the United States related specifically to the accused product.  *See, e.g.*, Compl. ¶

15   25, Hearing Tr. 1/30/2014 at 3:21 p.m. (Beckhoff Automation GmbH shipped an accused product to the

16   United States); Docket No. 23 at ¶ 13(a) ("In May 2012, Beckhoff sent XTS system brochures to its U.S.

17   sales team, and in June 2012, the XTS system video to its U.S. sales team."); Docket No. 23 at ¶ 14, Docket

18   No. 23-1, Exh. D, and Docket No. 51-1 at ¶ 2 (Beckhoff Automation GmbH's Corporate Manager (Gerd

19   Hoppe) showcased the XTS system in Minnesota).  Taking all of the relevant factors into account, *see*

20   *Touchcom*, 574 F.3d at 1299, the undersigned finds it highly likely that the exercise of jurisdiction under

21   Rule 4(k)(2) will be found to be reasonable and fair.

22   Considering both of Plaintiff's alternative arguments outlined above, it appears to the undersigned

23   that Beckhoff Automation GmbH's likelihood of obtaining a ruling that the Court lacks personal

24   jurisdiction is sufficiently slim that the objectives of Rule 1 are best served by requiring it to begin

25   discovery.  Accordingly, the motion to stay discovery is **DENIED** as it relates to Beckhoff Automation

26   GmbH.

27   //

28   //

1  **III.    CONCLUSION**

2          For the reasons outlined above, the motion to stay (Docket No. 67) is hereby **DENIED**.  In light of

3  that ruling, the motion to enter a protective order (Docket No. 68) is hereby **DENIED** without prejudice.

4  Within 7 days hereof, the parties shall submit a proposed discovery plan and a stipulated protective order.

5          IT IS SO ORDERED.

6          DATED: January 31, 2014

7                                                        _____

8                                                        NANCY J. KOPPE
                                                         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28