# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | Case No. 2:13-cv-01616-RCJ-NJK |
| Plaintiff(s), | ORDER RE: PROTECTIVE ORDER |
| vs. | (Docket No. 93) |
| BECKHOFF AUTOMATION LLC, et al., | |
| Defendant(s). | |

Pending before the Court are the parties' competing contentions regarding various provisions of the protective order governing confidentiality. *See* Docket No. 93. Having considered the arguments presented, the Court hereby **ORDERS** the parties to submit, no later than March 3, 2014, a revised stipulated protective order in accordance with the Court's rulings below.

Source Code Location–Section 4

This dispute concerns the location of the inspection of source code. The Court adopts Defendants' position on this issue that the review should occur at a "mutually agreeable location." To the extent there is no mutually agreeable location, the Court reminds the parties that they must engage in a meaningful, personal consultation to attempt to resolve any disagreement prior to seeking Court intervention. *See, e.g.*, *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996).

Source Code at Depositions–Section 4(J)

This dispute concerns whether computers must be brought to depositions containing source code. The Court adopts Defendants' position. Plaintiff's proposed language on this issue should not be included in the protective order.

Section 7(E), In-House Counsel

This dispute concerns whether in-house counsel should have access to highly confidential materials. Making a determination on this issue requires a fact-intensive inquiry balancing the risks for disclosure against the need to share the information with in-house counsel. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (adopting Federal Circuit's analysis from *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984)). Rather than making a blanket determination on this issue at this time, the Court instead adopts the procedures for disclosing information to in-house counsel that is outlined in the Northern District of California's Interim Model Protective Order at ¶¶ 7.3(b), 7.4(a)(1), 7.4(b), and 7.4(c).[1]

IT IS SO ORDERED.

DATED: February 24, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] A copy of the model protective order can be located at the link to "Patent Local Rule 2-2 Interim Model Protective Order" on http://www.cand.uscourts.gov/stipprotectorder.