Michael J. McCue (NV Bar No. 6055)
Jonathan W. Fountain (NV Bar No. 10351)
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
Email: mmccue@lrrlaw.com
Email: jfountain@lrrlaw.com

Abbe D. Lowell (admitted *pro hac vice*)
Paul J. Tanck (admitted *pro hac vice*)
Aaron Foldenauer (admitted *pro hac vice*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
Email: adlowell@chadbourne.com
Email: ptanck@chadbourne.com
Email: afoldenauer@chadbourne.com

Attorneys for Plaintiff
Rockwell Automation, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BECKHOFF AUTOMATION LLC and BECKHOFF AUTOMATION GmbH, <br><br> Defendants. | Case No. 2:13-cv-01616-RCJ-NJK <br><br> [PROPOSED] **PROTECTIVE ORDER BASED ON ORDER RE: PROTECTIVE ORDER (DOCKET NO. 93)** |

IT IS HEREBY ORDERED that confidential information be disclosed in this matter only in the following designated ways:

1. As used in the Protective Order, these terms have the following meanings:

- "Attorneys" means (a) all counsel of record; and (b) outside counsel for a party who is not an employee or officer of a party or related entity and who has been provided with a copy of this Protective Order and executed a "Written Assurance" in the form attached as Exhibit A and which is subsequently provided to the other party's lead counsel;
- "Confidential" documents are documents designated pursuant to paragraph 2;
- "Highly Confidential - Attorneys' Eyes Only" ("AEO") are documents designated pursuant to paragraph 3;
- "Documents" are all materials within the scope of Fed. R. Civ. P. 34;
- "Outside Vendors" means messenger, copy, coding, and other clerical services, including document processing and conversion, archiving and database services, electronic document processing firms and personnel, translators or interpreters, and related vendors not employed by a party or its Attorneys; and
- "Written Assurance" means an executed document in the form attached as Exhibit A.

2.  A Party may designate any document, which includes, but is not limited to, documents, interrogatory responses, other discovery responses, and portions of transcripts, "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c); provided, however, such designation shall constitute a representation to the Court that the designating Party in good faith believes that the material so designated is entitled to protection from disclosure and relates to, among other things, confidential technical, business, or financial information including abstracts, summaries, or information derived therefrom.

3.  A Party may designate any document, which includes, but is not limited to, documents, interrogatory responses, other discovery responses, and portions of transcripts, "Highly Confidential - Attorneys' Eyes Only" to protect information within the scope of Fed R. Civ. P. 26(c); provided, however, such designation shall constitute a representation to the Court that the designating Party in good faith believes that the material so designated is entitled to protection from disclosure and relates to, among other things, trade secrets, pending patent

applications, research and development or other highly sensitive technical information, or highly-sensitive business-related financial information including abstracts, summaries, or information derived therefrom.

    4.    The following provisions relate to computer source code and shall govern the handling and treatment of such source code.

Plaintiff states that it requested source code from Defendants on November 15, 2013; to date, Defendants have not produced any source code. Defendants state that the inclusion of these provisions in this Protective Order shall have no bearing on whether a Party is obligated to produce source code, because this Protective Order governs the production of source code that is required and permitted to be produced by law.

Documents or other things that contain a Party's source code may be designated "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" if they include confidential, proprietary, and/or trade secret software (collectively referred to as "source code").

The source code shall be made available for the opposing party's inspection at a mutually agreed-upon location.

The following conditions shall govern the production, inspection, review, and use of source code.

    a.    All source code produced for inspection shall be deemed designated as "Highly Confidential - Attorneys' Eyes Only - Computer Source Code." All such source code, and any other Protected Information designated as "Highly Confidential - Attorneys' Eyes Only - Computer Source Code," shall be subject to the provisions in this paragraph 4.

    b.    All source code will be made available by the producing Party to the receiving Party's outside counsel and/or experts in a private room on a secured computer without Internet or network access to other computers, to protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside the computer on which the source code is provided for inspection (the "Source Code Computer"). The producing Party shall be obligated to install and

maintain such tools or programs necessary to review and search the code produced on the platform produced. The producing party shall make the required source code on the Source Code Computer available for initial inspection at any time during regular business hours upon receiving five (5) business days advance notice from the receiving party. If the producing Party objects that the source code is not discoverable information, the producing Party shall make such objection known to the receiving Party within five (5) business days. If, within three (3) business days following making such objection known, the parties are unable to resolve such objection via a meet and confer, the producing Party shall be entitled to seek a Court resolution of whether viewing the source code in question is reasonably necessary to any case preparation activity. Failing to seek Court action within five (5) business days of the meet and confer shall constitute a waiver of any objection by the producing Party. Once it is established that the source code is discoverable information (whether by consent, waiver, or judicial determination), each additional source code inspection shall require only three business days advance notice.

c. The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy the source code into the notes. No copies of any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. No written or electronic record of the source code is permitted except as otherwise provided herein.

d. The producing Party shall make available a printer for on-site printing during inspection of the code. The receiving Party may print portions of the source code only when reasonably necessary to facilitate the receiving Party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. The receiving Party shall print only such portions as are

reasonably necessary for the purposes for which any part of the source code is printed at the time. In no event may the receiving Party print more than 10 consecutive pages without prior written approval by the producing Party. With respect to the counting of any set of consecutive pages, programmer's comments shall not be counted against the 10-page limitation. Upon printing any such portions of source code, the printed pages shall be collected by the producing Party. The producing Party shall Bates number, copy, and label "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" any pages printed by the receiving Party. If the producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing Party shall make such objection known to the receiving Party within five (5) business days. If, within three (3) business days following making such objection known, the parties are unable to resolve such objection via a meet and confer, the producing Party shall be entitled to seek a Court resolution of whether the printed source code in question is reasonably necessary to any case preparation activity. Failing to seek Court action within five (5) business days of the meet and confer shall constitute a waiver of any objection by the producing party and the producing party shall immediately provide the printed portions of the source code to the receiving party via an overnight delivery service. In the absence of any objection, or upon resolution of any such dispute by the Court, the producing Party shall provide one copy set of such pages to the receiving Party within five (5) business days via an overnight delivery service and shall retain one copy set. The printed pages shall constitute part of the source code produced by the producing Party in this action.

e. A list of names of persons who will view the source code will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.

f. Other than as provided in subsection (c) or (d) above, the receiving Party will not copy, remove, or otherwise transfer or transmit in any way any source code from

the source code computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.

g. The receiving Party shall maintain and store the printed portions of the source code at their offices or at their expert(s)' offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use;

h. The receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code printed pursuant to sub-paragraph (d), not including copies attached to court filings, and shall log the location of such copies. The producing Party shall not unreasonably deny a receiving Party's request to make additional copies, providing that the request is for good cause and for use that otherwise complies with this order.

i. The receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). The receiving Party shall include only such excerpts as are reasonably necessary for the purposes for which such part of the source code is used – for example, excerpts of approximately 25 to 40 lines in length would normally be allowed.

j. To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" or (2) those pages containing quoted source code will be separately bound, and stamped and treated as "Highly Confidential - Attorneys' Eyes Only - Computer Source Code." For the avoidance of doubt, redacting the portions of source code (including comments) that appear in a Source Code Document would negate the need to either treat the entire document, or those pages, as "Highly Confidential - Attorneys' Eyes Only - Computer Source Code"; however, to the extent that a given document also contains "Highly Confidential - Attorneys' Eyes Only" information or "Confidential" information

|   |   |   |
|---|---|---|
| 1 |   | designated as such pursuant to this Order, the document shall still be entitled to any |
| 2 |   | appropriate protections pursuant to this Order. |
| 3 | k. | All paper copies shall be securely destroyed if they are no longer in use (*e.g.*, at the |

1        designated as such pursuant to this Order, the document shall still be entitled to any

2        appropriate protections pursuant to this Order.

3   k.  All paper copies shall be securely destroyed if they are no longer in use (*e.g.*, at the

4        conclusion of a deposition). Copies of source code that are marked as deposition

5        exhibits shall not be provided to the Court Reporter or attached to deposition

6        transcripts; rather, the deposition record will identify the exhibit by its production

7        numbers.

8   l.  The receiving Party may not create electronic images, or any other images, of the

9        source code from the paper copy for use on a computer (*e.g.*, may not scan the

10      source code to a PDF, or photograph the code). The receiving Party may create an

11      electronic copy or image of selected portions of the source code only when

12      reasonably necessary to accomplish any filing with the Court or to serve any

13      pleadings or other papers on any other Party (including expert reports). Images or

14      copies of source code shall not be included in correspondence between the Parties

15      (references to production numbers shall be used instead) and shall be omitted from

16      pleadings and other papers except to the extent permitted herein.

17  m.  To the extent a receiving Party desires to have an outside expert inspect or receive

18      confidential computer source code, the outside expert shall be provided with a copy

19      of this Protective Order and execute a " Written Assurance" in the form attached as

20      Exhibit A. Each Written Assurance must be served on opposing counsel at least

21      seven (7) days prior to disclosure to such person or inspection by such person of

22      "Highly Confidential - Attorneys' Eyes Only - Computer Source Code." Such

23      notice to opposing counsel shall include a reasonable description of the person to

24      whom disclosure or inspection is sought sufficient to permit objection to be made.

25      A disclosing Party may object in writing to such disclosure within five (5) days

26      after receipt of notice. The Parties agree to promptly confer in good faith to resolve

27      any such objection. If the Parties are unable to resolve any objection, the objecting

28      Party may file a motion with the Court within ten (10) days of the objection notice,

or within such other time as the Parties may agree, seeking a protective order with respect to the proposed inspection or disclosure of "Highly Confidential - Attorneys' Eyes Only - Computer Source Code." The Party seeking to allow the inspection or disclosure of "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" shall have the burden of establishing the independence of such person and the need for such person to see the information, and the objecting Party shall have the burden of establishing the reason why an inspection by such person is inappropriate. No inspection by or disclosure to such person shall occur until all such objections are resolved by agreement or Court order, or until the objecting Party fails to file a motion with the Court seeking a protective order within the timeframe outlined above (at which point the objection is deemed to be waived).

5. All "Confidential," "Highly Confidential - Attorneys' Eyes Only" and "Highly Confidential - Attorneys' Eyes Only- Computer Source Code" documents, along with the information contained in the documents, shall not be used for any purpose whatsoever other than the prosecution or defense of this action or any actions or proceedings involving both sides, and any appeal thereof. Any other use is prohibited except by consent of the producing party or by order of the Court. Notwithstanding the above, a party is free to do whatever it desires with its own "Confidential," "Highly Confidential - Attorneys' Eyes Only," and "Highly Confidential - Attorneys' Eyes Only- Computer Source Code" information.

6. Access to any "Confidential" document shall be limited to:
   a) the Court and its staff;
   b) Attorneys, their law firms, their employees and agents, and their Outside Vendors;
   c) persons shown on the face of the document to have authored or received it, any person who has previously seen or was aware of it, and/or the producing party or its designated representatives (e.g., a 30(b)(6) witness);
   d) court reporters retained to transcribe testimony and independent language interpreters used at deposition or hearings;

  e) employees of the receiving party and its affiliates;

  f) other outside persons (i.e., persons not currently employed by any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action who have signed the undertaking described in Paragraph 9 below; and

  g) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall sign the undertaking described in Paragraph 9 below.

7. Access to any "Highly Confidential - Attorney's Eyes Only" or "Highly Confidential-Attorneys' Eyes Only- Computer Source Code" document shall be limited to:

  a) the Court and its staff;

  b) Attorneys, their law firms, their employees and agents, and their Outside Vendors;

  c) persons shown on the face of the document to have authored or received it, any person who has previously seen or was aware of it, and/or the producing party or its designated representatives (e.g., a 30(b)(6) witness);

  d) court reporters retained to transcribe testimony and independent language interpreters used at deposition or hearings;

  e) (i) Designated In-House Counsel of the receiving party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Written Assurance" (Exhibit A), and (4) as to whom the procedures set forth in subparagraph (ii) below, have been followed;[1]

  (ii) Unless otherwise ordered by the court or agreed to in writing by the producing party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL –

---

[1] This Order contemplates that Designated In-House Counsel shall not have access to any information or items designated "Highly Confidential - Attorneys' Eyes Only - Computer Source Code."

ATTORNEYS' EYES ONLY" first must make a written request to the producing party that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence and (2) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any competitive decision-making.

(iii) A Party that makes a request and provides the information specified in the preceding respective subparagraphs may disclose the subject "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to the identified Designated In-House Counsel unless, within 14 days of delivering the request, the Party receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based.

(iv) A Party that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated In-House Counsel may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated In-House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the producing party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need

      to disclose the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to its Designated In-House Counsel.

  f)  other outside persons (i.e., persons not currently employed by any party) who are retained by a party or its Attorneys to provide assistance or to furnish technical or expert services, and/or to give testimony in this action who have signed the undertaking described in Paragraph 9 below; and

  g)  other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall sign the undertaking described in Paragraph 9 below.

  8.  Third parties producing documents in the course of this action may also designate documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential- Attorneys' Eyes Only- Computer Source Code" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Highly Confidential - Attorneys' Eyes Only" for a period of 7 days from the date of their production, and during that period any party may designate such documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" pursuant to the terms of the Protective Order.

  9.  Each person appropriately designated pursuant to paragraphs 6(f), 6(g), 7(e), 7(f) or 7(g) to receive "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information shall be provided with a copy of this Protective Order and execute a "Written Assurance" in the form attached as Exhibit A. Each Written Assurance must be served on opposing counsel at least 7 days prior to disclosure to such person of any "Confidential," or "Highly Confidential - Attorneys' Eyes Only" information provided by another party. Such notice to opposing counsel shall include a reasonable description of the person to whom disclosure is sought sufficient to permit objection to be made. A party may object in writing to such disclosure within five days after receipt of notice. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the

1 Court within ten (10) days of the objection notice, or within such other time as the parties may
2 agree, seeking a protective order with respect to the proposed disclosure. The party seeking
3 provision of protected information to such person shall have the burden of establishing the
4 independence of such person from the party seeking to provide the information and the need for
5 such person to see the information, and the objecting party shall have the burden of providing the
6 need for a protective order preventing disclosure. No disclosure to such person shall occur until
7 all such objections are resolved by agreement or Court order—or until the objecting party fails to
8 file a motion with the Court seeking a protective order within the timeframe outlined above (at
9 which point the objection is deemed to be waived).

10       10. Portions of depositions taken in this action that contain confidential information
11 may be designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly
12 Confidential - Attorneys' Eyes Only - Computer Source Code" and thereby obtain the protections
13 accorded other "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly
14 Confidential - Attorneys' Eyes Only - Computer Source Code" documents. Unless otherwise
15 agreed, depositions shall be treated as "Highly Confidential - Attorneys' Eyes Only" until 7 days
16 following receipt of the final transcript. Confidentiality designations for depositions shall be made
17 by written notice to all other parties within 7 days of receipt of the final transcript, and such
18 written notice shall identify by page and line number the specific portions of the deposition
19 transcript that shall be designated; a party may also designate any exhibit or any portion of any
20 exhibit as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential
21 - Attorneys' Eyes Only - Computer Source Code."

22       11. Any party who inadvertently fails to identify documents as "Confidential," "Highly
23 Confidential – Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only - Computer
24 Source Code" shall, within 7 days from the discovery of its oversight, provide written notice of the
25 error and substitute appropriately-designated documents. Any party receiving such improperly-
26 designated documents shall retrieve such documents from persons not entitled to receive those
27 documents and, upon receipt of the substitute documents, shall return or destroy the improperly-
28 designated documents. The failure to designate information or documents as "Confidential,"

-12-

"Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only- Computer Source Code" and the failure to object to such a designation shall not preclude or in any way prejudice a party at a later time from subsequently designating or objecting to the designation of such information or documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only- Computer Source Code." The parties understand and agree that failure of a party to designate information or documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" relieves the receiving party of obligations of confidentiality until such designation is made, except as otherwise provided herein.

12. The parties hereto acknowledge that, while each party will endeavor to identify and withhold from production any document which that party believes is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties have agreed to the following nonwaiver agreement. A party who produces any privileged document without intending to waive the claim of privilege associated with such document may, within ten days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the receiving party, the receiving party must take reasonable efforts to promptly return the specified document and destroy any copies thereof. By complying with this obligation, the receiving party does not waive any right it has to challenge the assertion of privilege and request an order of the court denying such privilege. If the claim of privilege is disputed, a single copy of the document(s) at issue may be retained by the receiving party for the exclusive purpose of seeking a prompt judicial determination of the matter.

13. If a party files a document containing "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential- Attorneys' Eyes Only-Computer Source Code" information with the Court, such documents shall be filed *both* (1) under seal with the Clerk of Court with an accompanying motion to seal in compliance with the applicable local rules

governing the filing of such information; and (2) within seven days, on the public docket, redacting the "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential- Attorneys' Eyes Only- Computer Source Code" information.

In connection with any motion to seal, the filing party must submit a declaration in support of the motion to seal explaining why the material merits filing under seal. If a motion to seal is based on the fact that the opposing party (or non-party) has designated document(s) as "Confidential," "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential- Attorneys' Eyes Only-Computer Source Code," the opposing party (or non-party) shall file a declaration establishing good cause for the sealing of such document(s) along with a proposed order, or shall withdraw the designation.  The declaration shall be filed within seven days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order the document(s) filed in the public record.

Upon the failure of the filing or lodging party to properly designate information, any party or third party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within fourteen (14) days of learning of the defective filing or lodging.

14.     Any receiving party may request a change in the designation of any information designated "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only – Computer Source Code." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to following a good faith effort to meet and confer to resolve the objection by agreement, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" in the action may be affected. The party asserting that the material is "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

15. Within 60 days of the termination of this action, including any appeals, each party shall either return to the opposing party or destroy all documents designated by the opposing party as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only- Computer Source Code" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys may retain those materials that are part of the record, that have been filed with the court, or that are attorney drafts or working copies of materials that have been filed with the court. Furthermore, attorneys may retain copies of all pleadings, motions, orders, written discovery, deposition transcripts and exhibits, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Attorneys may also retain any correspondence generated in connection with the action.

16. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. It is not the intent of the parties, or of the Court, that an attorney or law firm that acquires knowledge of or is given access to "Confidential," "Highly Confidential - Attorneys' Eyes Only," and/or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party on account of such knowledge or access.

18. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

19. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of "Confidential," "Highly Confidential - Attorneys' Eyes Only," and/or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" information; provided, however, that in rendering such advice the attorney shall not disclose any "Confidential," "Highly Confidential - Attorneys'

Eyes Only," and/or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" information received from a producing party to unauthorized persons.

20. The obligations imposed by the Protective Order shall survive the termination of this action.

21. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. Furthermore, absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. Upon motion of the party designating a document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**EXHIBIT A**

WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____.

My telephone number is _____.

I am currently employed by _____, located at _____ , and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 2:13-cv-01616-RCJ-NJK, pending in the United States District Court for the District of Nevada. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, or destroy, any documents in my possession designated "Confidential," "Highly Confidential - Attorneys' Eyes Only,"or "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. If I elect to destroy such documents, I shall inform the attorney from whom I have received them, in writing and with my signature, that I have done so.

I submit myself to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on  _____     _____
                (Date)                           (Signature)

| | |
|---|---|
| Dated: February 26, 2014 | Respectfully submitted, |
| /s/ Peter Lancaster | /s/ Aaron Foldenauer |
| Peter M. Lancaster (*pro hac vice*) | Abbe D. Lowell (admitted *pro hac vice*) |
| Kenneth Levitt (*pro hac vice*) | Paul J. Tanck (admitted *pro hac vice*) |
| DORSEY & WHITNEY LLP | Aaron Foldenauer (admitted *pro hac vice*) |
| 50 South Sixth Street, Suite 1500 | CHADBOURNE & PARKE LLP |
| Minneapolis, MN 55402-1498 | 30 Rockefeller Plaza |
| Telephone: (612) 340-2600 | New York, NY 10112 |
| Facsimile: (612) 340-2868 | Telephone: (212) 408-5100 |
| Email: lancaster.peter@dorsey.com | Facsimile: (212) 541-5369 |
| Email: levitt.kenneth@dorsey.com | Email: adlowell@chadbourne.com |
| | Email: ptanck@chadbourne.com |
| | Email: afoldenauer@chadbourne.com |
| -and- | -and- |
| Chad R. Fears (NV Bar No. 6970) | |
| Paul Shakespear (NV Bar No. 10752) | Michael J. McCue (NV Bar No. 6055) |
| SNELL & WILMER, L.L.P. | Jonathan W. Fountain (NV Bar No. 10351) |
| 3883 Howard Hughes Parkway, #1100 | LEWIS ROCA ROTHGERBER LLP |
| Las Vegas, NV 89169 | 3993 Howard Hughes Parkway |
| Telephone: (702) 784-5200 | Suite 600 |
| Facsimile: (702) 784-5252 | Las Vegas, Nevada 89169 |
| Email: cfears@swlaw.com | Telephone: (702) 949-8200 |
| Email: pshakespear@swlaw.com | Facsimile: (702) 949-8398 |
| | Email: mmccue@lrrlaw.com |
| | Email: jfountain@lrrlaw.com |
| ATTORNEYS FOR DEFENDANTS | |
| BECKHOFF AUTOMATION LLC and | ATTORNEYS FOR PLAINTIFF ROCKWELL |
| BECKHOFF AUTOMATION GmbH | AUTOMATION, INC. |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 27, 2014