1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROCKWELL AUTOMATION, INC.,                )
                Plaintiff(s),                )
                              )
vs.                                           )
BECKHOFF AUTOMATION LLC, et al.,                )
                Defendant(s).                )

Case No. 2:13-cv-01616-RCJ-NJK

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

(Docket No. 122)

Pending before the Court Defendants' motion to seal. Docket No. 122. For the reasons discussed more fully below, the motion to seal is hereby **GRANTED** in part and **DENIED** in part.

## I.    STANDARDS

In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178). To the extent any confidential information can be easily

1   redacted while leaving meaningful information available to the public, the Court must order that

2   redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

3   **II.   ANALYSIS**

4        The pending motion to seal argues that the Lancaster Declaration and its attached Exhibit A

5   should be sealed because they have been designated by Defendants in discovery as highly confidential.

6   *See* Docket No. 122 at 2.  As an initial matter, the Court rejects the contention that designation of a

7   document as confidential pursuant to the stipulated protective order necessarily renders a document

8   sealable.  The Court has approved the parties' stipulated blanket protective order to facilitate discovery

9   exchanges.   But there has been no showing, and the Court has not found, that any specific documents

10  are secret or confidential.   The parties have not provided specific facts supported by declarations or

11  concrete examples to establish that a protective order is required to protect any specific trade secret or

12  other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and

13  significant harm.   To that end, the stipulated protective order indicates that, "[i]n connection with *any*

14  motion to seal, the filing party must submit a declaration in support of the motion to seal explaining why

15  the material merits filing under seal." *See* Docket No. 98 at 14 (emphasis added).[1]  In short, the parties'

16  stipulated protective order did not make a sufficient good cause showing for any particular documents

17  to be sealed.  *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)

18  (explaining that stipulated blanket protective orders do not include a finding of "good cause," and

19  rejecting argument for secrecy where no specific prejudice or harm was shown).

20        The Court nonetheless finds that good cause exists for sealing in this instance with respect to

21  Exhibit A.  Exhibit A consists of an internal document describing the functional specifications for

22  software related to the XTS System. *See* Docket No. 123.[2]  Defendants maintain the confidentiality of

23  the specifications because it would be competitively disadvantageous to allow competitors to obtain

24  _____

25      [1]  To ensure no confusion exists with respect to the proper standards to apply for motions to seal

26  in light of the issuance of the stipulated protective order, the Court is issuing concurrently herewith an
    order regarding the standards and procedures applicable to future motions to seal filed in this case.

27      [2]  It appears that Exhibit A and the Lancaster Declaration were filed twice. *See* Docket Nos. 121,

28  123.

them.  *See* Lancaster Decl. ¶ 3 (Docket No. 123).  Having reviewed the exhibit, the Court agrees that good cause exists to maintain the confidentiality of Exhibit A that overcomes the public's right to access. The Court also determines that redaction does not appear to be practical in this instance.

The Court finds that good cause does not exist with respect to the Declaration of Peter Lancaster, however.  That declaration consists of three paragraphs, two of which indicate in general terms what Exhibit A is and why Defendants believe it should be treated in a confidential manner.  *See* Docket No. 123.  Given the generality of the information provided in this declaration, the Court fails to discern any harm to Defendants in requiring the declaration itself to be publicly filed, and Defendants have not articulated any.

**III.     CONCLUSION**

For the reasons outlined above, the motion to seal is hereby **GRANTED** in part and **DENIED** in part.  Docket Nos. 121 and 123 shall remain under seal.  Nonetheless, within 7 days of this order, Defendant shall refile the Declaration of Peter Lancaster on the public docket.  That publicly filed declaration shall simply include a placeholder for Exhibit A indicating that Exhibit A was filed under seal.

IT IS SO ORDERED.

DATED: June 9, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge